Ernestina Girod Lube, peticionaria, *v.* Corte de Distrito de Guayama, Hon. Gabriel Castejón, Juez, requerido, y Alejandro Buitrago, demandado.

No. 786.—*Sometido:* Julio 28, 1931. *Resuelto:* Marzo 9, 1932.

*Pedro E. Anglade,* abogado de la peticionaria; *A. Porrata Doria,* abogado del demandado Buitrago.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

A instancia de Ernestina Girod Lube libramos en este caso un auto de *certiorari* para revisar la resolución de la Corte de Distrito de Guayama por la que se negó a concederle los alimentos provisionales que solicitó de su esposo.

Después de ser firme la sentencia que declaró sin lugar una demanda de divorcio que el Dr. Alejandro Buitrago interpuso contra su esposa Ernestina Girod Lube, ésta presentó a la corte una petición para que ordenase a su marido que le pague determinada cantidad mensual como alimentos alegando para ello que carece de recursos para su subsistencia, que su marido abandonó el hogar conyugal sin causa ni motivo alguno que justificara su actitud y que él tiene recursos pecuniarios. Después presentó otra solicitud a la corte interesando, por los mismos hechos antes expuestos, que mientras se resolviese su anterior solicitud de alimentos le concediese alguna cantidad como alimentos provisionales.

La corte de distrito sostuvo la excepción previa alegada por el marido de no contener la solicitud de alimentos provisionales hechos suficientes para establecer una causa de

acción y para ello se fundó, citando la sentencia del Tribunal Supremo de España de 3 de noviembre de 1905, en que la obligación que impone el artículo 143 del Código Civil a los cónyuges de darse recíprocamente alimentos es de aplicación solamente cuando se ha decretado, ya interina ya definitivamente, una separación de los cónyuges y en que la petición de alimentos es una acción que requiere el establecimiento o promoción de otra que afecte a la separación legal de los cónyuges, tales como el divorcio, nulidad de matrimonio, separación legal de los cónyuges, depósito de la mujer casada u otra de naturaleza análoga, y que únicamente procede la acción de alimentos con carácter independiente cuando resulta por sentencia la separación de los cónyuges y queda por determinar únicamente los alimentos definitivos. La sentencia que citó dice substancialmente lo mismo y para llegar a esas conclusiones se funda en que los esposos deben vivir juntos si no están divorciados o si su matrimonio no ha sido anulado y que el conceder alimentos estando casados sería sancionar que los unidos por el vínculo del matrimonio pudiesen prescindir de él separándose por su propia voluntad, estableciendo un estado de derecho completamente incompatible con la naturaleza y efectos del matrimonio, prescindiendo de los deberes inherentes al mismo y perturbando la unidad de la familia en oposición a lo que la ley, de acuerdo con la moral, establece. La resolución de la corte inferior es la que motiva el presente recurso.

El artículo 156 del Código Civil, que es el 88 del Código últimamente revisado, igual al 56 del Código Civil Español, dice que los cónyuges deben socorrerse mutuamente; y como consecuencia declara el artículo 143 del mismo código, igual al del mismo número en España, que los cónyuges están obligados recíprocamente a darse alimentos; deber que consigna en términos generales, sin contener excepciones, por lo que si alguno de ellos está carente de los recursos pecuniarios necesarios para vivir y el otro los tiene, surge el de-

recho a reclamar alimentos, aunque, como en este caso, no exista separación legal de los consortes.

La doctrina y fundamentos de la sentencia citada por la corte inferior, que no es obligatoria para nosotros, parece razonable pero más lo es que se tenga en cuenta la realidad de la vida y los hechos que en ella ocurren, pues muchas veces existe una separación de los consortes sin que legalmente estén separados, por no interponer un pleito en que se hagan públicas las miseria y deshonra de alguno de los consortes, que así quedarían expuestas al conocimiento de los hijos del matrimonio, que sin él posiblemente las ignorarían. Por esto nos parece más justa la sentencia del mismo Tribunal Supremo de España de 16 de octubre de 1903 en la que se dice que uno de los deberes más fundamentales impuestos por la ley a los cónyuges consiste en el de socorrerse mutuamente en todos los casos en que este socorro sea necesario, cualquiera que sea la situación legal del matrimonio, a no ser que la necesidad del cónyuge sea proveniente de actos por él mismo realizados que le coloquen en una situación ilegal y contraria a derecho, por lo que el marido se encuentra en la ineludible obligación, mientras consienta semejante estado, de socorrer a su esposa en cumplimiento del deber natural sancionado en el artículo 56 del Código en relación con el párrafo primero del 143.

*La resolución recurrida debe ser anulada y los autos devueltos para ulteriores procedimientos no incompatibles con esta opinión.*